NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30236 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-0268-BLW |
| v. | |
| CRUZ FLECHITA RAMON SOTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Cruz Flechita Ramon Soto appeals from the district court's judgment and

challenges the 180-month sentence imposed following his guilty-plea convictions

for assault resulting in serious bodily injury committed within Indian Country, in

violation of 18 U.S.C. §§ 113(a)(6) and 1153, and using a firearm during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

For the first time on appeal, Soto contends that the district court failed to address adequately the nature and circumstances of the offense, and his history and characteristics. The court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the court considered Soto's arguments and concluded that, notwithstanding the mitigating circumstances cited by Soto, an upward variance was warranted under the 18 U.S.C. § 3553(a) sentencing factors.

Soto next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Soto's criminal history and the victim's permanent, debilitating injury. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**